**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID GARY GLADDEN, | No. 18-35765 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00043-TMB |
| v. | |
| MICHAEL BERRY, M.D.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted June 11, 2019[**]

Before:    CANBY, GRABER, and MURGUIA, Circuit Judges.

David Gary Gladden appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action related to the Federal Aviation

Administration's ("FAA") denial of his applications for a second-class airman

medical certificate.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

novo. *Gingery v. City of Glendale*, 831 F.3d 1222, 1226 (9th Cir. 2016) (district court's subject matter jurisdiction); *May v. Baldwin*, 109 F.3d 557, 560 (9th Cir. 1997) (summary judgment). We affirm.

The district court properly granted summary judgment on Gladden's claims directly challenging the denial of his applications for a second-class airman medical certificate because it lacked subject matter jurisdiction due to Gladden's failure to exhaust his administrative remedies. *See* 49 U.S.C. § 44703(d)(1), (3) (denial of an application for an airman certificate may be appealed to the National Transportation Safety Board ("NTSB"); a person substantially affected by an order of the NTSB may seek judicial review under 49 U.S.C. § 46110).

The district court properly granted summary judgment on Gladden's constitutional claims challenging the FAA's practices and procedures because it lacked subject matter jurisdiction under the collateral attack doctrine. *See Americopters LLC v. FAA*, 441 F.3d 726, 736 (9th Cir. 2006) ("The collateral attack doctrine prevents plaintiffs from crafting constitutional tort claims either as a means of relitigating the merits of the previous administrative proceedings, or as a way of evading entirely established administrative procedures." (citations and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**